IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LORENZO COLEMAN, )<br>)<br>    a.k.a. "Rock," )<br>)<br>    Defendant. ) | **Criminal No. 3:17cr-090-001-HEH** |

## **GOVERNMENT'S SENTENCING POSITION**

COMES NOW the United States of America, by its United States Attorney for the Eastern District of Virginia, G. Zachary Terwilliger, and Assistant United States Attorney, Angela Mastandrea-Miller, and files its Sentencing Position in the above-captioned case, and in support thereof, offers the following.

## **Background**

In 2012, an investigation was initiated into a drug trafficking organization (DTO) that was responsible for the distribution of large quantities of cocaine (both "crack" and powder cocaine) in Hopewell, Virginia as well as the surrounding areas, to include Petersburg, Colonial Heights, and Richmond, Virginia. As a result of this long-term investigation, the defendant, LORENZO COLEMAN, a.k.a. "Rock," was identified as the leader and organizer of this DTO. Approximately 17 individuals were arrested and subsequently convicted of various drug trafficking crimes.

1

In July 2017, an arrest warrant was issued for COLEMAN and other members of his organization after he was indicted for distribution of five kilograms or more of cocaine, among other charges. On the day of the arrest, COLEMAN fled Virginia. Law enforcement was unable to locate him until June 2019 when he was found in South Carolina by the United States Marshals Service.

The investigation revealed that COLEMAN was a supplier to other members of the organization, and in an effort to distance himself from detection and arrest by law enforcement, he had runners deliver the drugs and collect the proceeds for him. For purposes of relevant conduct, the parties have agreed that Coleman was responsible for the distribution of between five and fifteen kilograms of cocaine (i.e. 14.9 kilograms) during the charged conspiracy as set forth in Count One of the indictment, which began in June 2013 and continued up through and including February 2015.

**Sentencing Position of the United States**

The United States has no objections, corrections, or amendments to the Presentence Report (PSR), and agrees with the Probation Officer's calculations of the advisory guideline range. Specifically, the United States agrees that COLEMAN has an adjusted offense level of 31 (after a three-level reduction is applied for Acceptance of Responsibility), and a Criminal History Category of IV, resulting in an advisory guideline range of 151 to 188 months. This charge carries a statutory mandatory minimum term of incarceration for 120 months, and a maximum term of incarceration for life, followed by a term of at least five years of Supervised Release.

It is the recommendation of the United States that a sentence that is adequate, but not longer than necessary to meet the goals of 18 U.S.C. §3553(a), is a term of incarceration for 180 months, followed by five years of supervised release. In support of this recommendation, the United States offers the following:

1. A Guideline Sentence is Consistent with the Goals of 18 U.S.C. §3553

When sentencing a defendant a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a)(2005). See United States v. Hughes, 401 F.3D 540 (4th Cir. 2005). These factors include the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes for the defendant; and

(D) to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a).

The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

A. Seriousness of the Offense

In this case, the defendant was identified by law enforcement as a major narcotics trafficker who was involved in the distribution of cocaine and "crack" cocaine to individuals in Hopewell, Petersburg, Colonial Heights, Richmond, Virginia (and elsewhere).

Furthermore, as the Presentence Report and the Statement of Facts show, COLEMAN's involvement in drug trafficking was extensive, repetitive, and dangerous.

As agreed to by the parties, the investigation revealed that the defendant sold just under 15 kilograms of cocaine in two years. At $1/10^{th}$ of a gram per dosage unit, COLEMAN'S drug trafficking operation resulted in nearly 150,000 dosage units of cocaine distributed into the community. A sentence of 180 months appropriately reflects the seriousness of the offense.

B.  Need to Deter Future Criminal Conduct and Promote Respect for the Law

The defendant, who is now 41 years old, has a prior juvenile adjudications for possessing cocaine and for obstruction of justice.

His adult convictions include: assault and battery (no points assessed); felony Possession of Cocaine (no points assessed); driving under the influence (no points assessed); driving on a suspended license (no points assessed); possession of marijuana (no points assessed); assault and battery (no points assessed); drinking in public (no points assessed); driving while intoxicated and reckless driving (one point assessed); driving on a suspended license (one point assessed); a prior **federal conviction for conspiracy to distribute and possess with the intent to distribute cocaine** (120 months sentence imposed, and 3 criminal history points assessed); multiple revocations of his supervised release; contempt of court for failure to appear (no points assessed); driving while intoxicated - Second (one point assessed); failure to appear (no points assessed); reckless driving and driving without a license (1 point assessed); driving on a suspended license, and drinking while driving (1 point assessed).   The defendant therefore has amassed 18 prior adult convictions, one of which was a prior federal felony drug trafficking conviction for which he received a sentence of 10 years' incarceration. It is clear from his prior

4

criminal record, and the case that now brings him before this Court, that a prior sentence of 120 months has not served to promote respect for the law, nor has it deterred the defendant from engaging in the same criminal activity upon his release from prison. A sentence of 180 months may serve to promote respect for the law and for orders of the Court. The fact that he engaged in the criminal activity that brings him before this Court for an extended (two-year) period of time further demonstrates that, absent a significant sentence, COLEMAN simply will not be deterred.

    C.   Need to Protect the Public from the Defendant's Future Criminal Conduct

The criminal activity that brings this defendant before the Court – narcotics trafficking – is an extraordinarily dangerous business that endangers the community and has far-reaching consequences. Trafficking in cocaine (both "crack" cocaine and cocaine hydrochloride) has contributed to an increase in the number of addicts and has contributed to violent crime. The defendant is responsible for the distribution of 14,900 grams of cocaine to people in a community where he grew up. It is incomprehensible that COLEMAN would grow up seeing the toll cocaine had on his parents, and then proceed to engage in that very same thing to others in the community. The defendant's criminal activity demonstrates unequivocally that the public needs to be protected from his criminal conduct for a significant period of time. A sentence of 180 months' incarceration is both appropriate and necessary to protect the public. The four-level enhancement that was applied pursuant to the United States Sentencing Guidelines for the defendant's leadership role in the drug trafficking organization is further evidence of just how serious COLEMAN's criminal activity has been.

D. <u>Substance Abuse Treatment/Vocational Training</u>

The defendant previously attended and completed several substance abuse counseling programs, including the Bureau of Prison's 500-hour drug program. Upon his release from federal prison, he attended numerous drug treatment programs. See PSR at ¶¶ 74-77. The defendant will likely benefit from further education and vocational training while in the Bureau of Prisons so that he can be a productive member of society upon his release.

E. <u>Need to Avoid Unwarranted Disparities</u>

The imposition of a term of 180 months' incarceration for COLEMAN's extensive drug trafficking activity, and his leadership role in the organization will ensure that there is no unwarranted disparity between this defendant's sentence and that of other similarly situated defendants.

CONCLUSION

Based on the foregoing, the United States respectfully asks this Court to find, after considering the advisory guideline range, and all of the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as any testimony of the case agent that may be offered during the defendant's upcoming sentencing hearing, that the Probation Officer has correctly determined that the defendant was involved in an extensive narcotics trafficking operation, that he held a leadership position within that organization, and that he trafficked nearly 15 kilograms of cocaine in just a two-year period of time. Further, he committed the instant offense after amassing 18 prior convictions, the majority of which were assessed zero criminal history points. Significantly, he is back before this Court after having been previously convicted of a federal drug trafficking conspiracy and after having been sentenced to a term of 10 years' incarceration.

Based on COLEMAN's repetitive, serious, and dangerous criminal conduct, the United States respectfully asks this Court to impose a term of incarceration of 180 months, followed by a term of 5 years of supervised release. The United States also asks that a Special Assessment of $100.00 be imposed, and that any forfeiture order entered in this case become a part of the Judgment and Commitment Order.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
Angela Mastandrea-Miller
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219-2447
Telephone-804-819-5400
Email: Angela.Miller3@usdoj.gov
Fax: 804-771-2316

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to J. Paul Gregorio, Esq., counsel for Lorenzo Coleman.

                                        G. ZACHARY TERWILLIGER
                                        United States Attorney

By          _____/s/_____
            Angela Mastandrea-Miller
            Assistant United States Attorney